### SABA v. SABA.
No. 60-C-9819.

Circuit Court, Dade County.

June 18, 1962.

John B. Orr, Jr., Orr & Lazar, Miami Beach, for plaintiff.

Milton M. Ferrell and Fuller Warren, both of Miami, for defendant.

ROBERT H. ANDERSON, Circuit Judge.

On October 10, 1960, Antoinette Saba filed her complaint for divorce against George Saba. She charged extreme cruelty, asked for a divorce and the sole custody of the three children, alimony, and attorneys' fees. At the final hearing, which was conducted on December 16, 1960, the plaintiff offered in evidence a property settlement agreement, which provided, inter alia, that the wife should have the sole custody, care and control of all the children of the parties, subject to the rights of the husband for reasonable visitation privileges. On December 16, 1960, the court entered a final decree of divorce, finding that the husband was guilty of extreme cruelty and approving the property settlement and giving the plaintiff, Antoinette Saba, the exclusive care, custody and control of the three children, and providing that the defendant should have reasonable visitation privileges, and that he should pay the plaintiff, for the support and maintenance of each of the three children, the sum of $194.45 per month, until the further order of the court.

On September 22, 1961, the defendant, George Saba, filed a petition for modification of the final decree of divorce in which he charged the plaintiff with prostitution with one George J. Price. The court issued the rule and heard evidence on the subject. During the course of this hearing, on October 30, 1961, the plaintiff, Antoinette Saba, married George Price. Whereupon the rule was discharged.

On December 6, 1961, the court, on the defendant's petition, modified the final decree in the following language —

> This cause has been heard on the defendant's petition for a modification of the final decree and the evidence submitted in support of, and in opposition to, such petition.
>
> The petition is denied except to the extent herein provided.
>
> The defendant father, George Saba, shall have, and he is hereby granted, until the further order of the court, the temporary custody, control and care of the parties' three minor children, Robert Saba, Irene Saba and

Richard Saba — (a) for and during the period from and including June 10th to and including August 20th of each year hereafter, beginning in the year 1962; (b) for and during the Christmas vacation period of each even numbered year, beginning in the year 1962 (such period to include Christmas day and New Year's day); (c) for and during the Easter vacation period of each odd numbered year, beginning in the year 1963; and (d) on alternate Sundays (every other Sunday), beginning on Sunday, December 17, 1961, for and during the period from nine o'clock in the forenoon until seven o'clock in the evening.

Each of the parties to this suit is enjoined and restrained, until the further order of the court, from removing any of the three children, or causing any of them to be removed, from the state of Florida without the written consent of this court. The attention of the parties and counsel is directed to the provisions of section 65.141 of the Florida Statutes.

On April 18, 1962, the plaintiff, Antoinette Saba, now Antoinette Price, filed a petition for modification of the final decree of divorce in which she alleged —

1. The final decree of divorce of this court, dated September 16, 1960, gave to the plaintiff, your petitioner, the custody of the three minor children of the marriage, to wit: Robert Saba, now age 13, Irene Saba, now age 11, and Richard Saba, now age 9, subject to reasonable rights of visitation by the defendant, George Saba.

2. An order dated December 6, 1961, on defendant's petition for modification of the final decree of divorce denied defendant's petition, but defined reasonable rights of visitation, granting to him temporary custody, control and care of the parties' three children as follows:

a) For and during the period from and including June 10, to and including August 20, of each year hereafter, beginning in the year 1962;

b) For and during the Christmas vacation of each even numbered year, beginning in the year 1962 (such period to include Christmas Day and New Year's Day);

c) For and during the Easter vacation period of each odd numbered year beginning in the year 1963; and

d) On alternate Sundays (every other Sunday), beginning on Sunday, December 17, 1961, for and during the period from 9 o'clock in the forenoon, until 7 o'clock in the evening.

3. On October 30, 1961, Antoinette Saba married George Price, and is now married to him.

4. George Price, the present husband of petitioner, is a pilot in the employ of Pan American World Airways. Since December 6, 1961, George Price has been transferred to the installation of Pan American World Airways at the Rhein/Main Airport in Frankfort, Germany.

5. Although petitioner and George Price have been aware of the transfer of Captain Price for some time, they have been unable to seek

relief in this court due to defendant's appeal of the order of this court on December 6, 1961. The notice of interlocutory appeal on the part of the defendant is dated January 15, 1962 and the decree of the District Court of Appeal of Florida, Third District, affirming this court's decision is dated April 3, 1962. During the pendency of the appeal, Captain Price has already been transferred to the Rhein/Main Airport in Frankfort, Germany and petitioner and her children have been deprived of his care and companionship.

6. Petitioner desires to join her husband as quickly as possible, but is unable to do so without the permission of this honorable court.

7. Petitioner and her husband desire to enroll the three children of the parties in school in Germany. Petitioner respectfully submits that to permit defendant's exercise of visitation privileges on alternate Sundays throughout the entire year is incompatible with the best interest of the children and virtually impossible.

8. Petitioner is prepared to extend the period during which the defendant may exercise temporary custody, control and care of the three children so that such period will commence shortly after the close of school in Frankfort, Germany, or wherever the children are enrolled in school, up to a date shortly before the resumption of school in the Fall of each year.

She prayed that the court grant her permission to remove the children from the state of Florida pursuant to section 65.141 of the statutes and determine anew the visitation privileges of the defendant so that such privileges will not include alternate Sundays throughout the year. The defendant answered this petition, objecting to the petitioner's announced plan to take the children to Germany and put them in school, and said that it would not be in their best interest.

The court has given careful consideration to this matter. At first blush, it seemed astonishing. But the more thought that was given to it the less unusual it appeared. Frankfort, Germany is no farther away from Miami than Jacksonville, Florida was 40 years ago. As far as the jurisdiction of this court is concerned, the parties could put the three children on a plane tonight without the court's knowledge and take them beyond the limits of the state of Florida and the court would be powerless to do anything about it in any practical way. On the other hand, the experience might be beneficial to the young children. It would acquaint them with a new country and the ways of life of a strange people. It may prove actually helpful to them.

It is, therefore, ordered, adjudged and decreed that the petition of the wife, Antoinette Saba, now Antoinette Price, for modification of the final decree of divorce is granted, subject to the following conditions —

1. That permission is hereby granted to the wife, Antoinette Saba, now Antoinette Price, to take the three minor children of the parties, Robert Saba, Irene Saba, and Richard Saba, to Germany for an indefinite period.

2. That the defendant father, George Saba, shall have, and he is hereby granted, the temporary custody of the three children of the parties, namely, Robert Saba, Irene Saba, and Richard Saba, for the following periods of time until the further order of the court —

(a) From June 10 to and including August 20 of each year hereafter, beginning in the year 1962;

(b) For and during the Christmas vacation period of each year, beginning in the year 1962, which period will include Christmas Eve and the day following New Year's Day.

The children shall be sent by the mother by plane from Germany to Miami. The cost of their transportation shall be furnished, in the first instance, by the petitioner and her husband, George J. Price, who is a pilot for Pan American World Airways and who, because of such connection, will be able to secure a substantial reduction in their plane fare from Germany to Miami and back again, but the cost of such transportation shall be reimbursed by the father, George Saba.

4. That the living expenses of the children during the periods in which they are in the custody of the father, George Saba, shall be borne by him.

5. That the defendant, George Saba, will pay, as and for the support and maintenance of each of the three children, until the further order of the court, the sum of $100 per month per child until each child shall attain the age of 21 years, at which time such payment for each child as it reaches its majority shall cease. This is a reduction of $94.45 per month per child from the amount which the husband agreed to pay for their support and maintenance, and is given to him to partially compensate him for the loss he may sustain by reason of the children being taken to Germany.

This order is made upon the express condition and understanding that the court reserves the right to change it at any time or vacate it entirely. By accepting it, the wife agrees for herself and her husband, George J. Price, to return the children to Miami at any time that the court shall require.